PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2009 Lexus 350 GS struck an unevenly milled portion of the road on US Route 250 near Whitehall, Marion county. Route 250 is apublic road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 5:30 p.m. on June 14, 2010. At the location of the incident, Route 250 is a two-lane paved road with one lane of traffic in each direction and a speed limit of 45 miles per hour. At the time of the incident, Claimant, Judith A. Compton, was driving south on Route 250 with her husband and co-Claimant, Warren L. Compton, as a passenger. Mrs. Compton testified that Respondent had been milling portions of Route 250 for months, and that she had been careful to dodge those sections. However, Mrs. Compton stated that on the date of the incident, there were no cones or signs to warn of road work or uneven surfaces, and that it appeared Respondent had finished paving. According to Mrs. Compton, she was driving approximately 30-35 miles per hour when she noticed a small section of the recently milled portion of the road had not been refilled asphalt. Mrs. Compton testified that the presence of oncoming traffic prevented her from maneuvering her vehicle to avoid the deeply milled section of road, but that she was able to slow her vehicle to 20 miles per hour before it struck a five inch abrupt incline between where the road was milled and where the milling *214 ended. As a result of this incident, Claimants’ vehicle sustained damage to front driver side tire requiring replacement in the amount of $339.20. Claimants’ insurance declaration sheet indicates that their collision deductible is $1000.00.
It is the Claimants’ position that Respondent knew or should have known about unfinished and unmarked section on Route 250, that it created a hazard to the traveling public, and that Respondent was negligent in failing to properly maintain the road or provide proper warning to the traveling public of the hazardous condition prior to the incident.
The position of Respondent is that it did not have actual or constructive notice of the defect in the pavement that Claimants’ vehicle struck on Route 250 at the time of the incident. Michael Roncone, Administrator for Respondent in Marion county, testified that he is familiar with Route 250 and the milling project at issue in this case. Mr. Roncone stated that it was his belief that Mrs. Compton must have driven off the road to the right in order for her vehicle to have struck the milled section of the road with her left front tire.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimants must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the road work on Route 250, and that it failed to provide adequate warning of the roughly milled portion of the road. Since an unmarked steep incline between the unfinished and finished travel portion of the road created a hazard to the traveling public, the Court finds Respondent negligent.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimants should be awarded the sum of $339.20.
Award of $339.20.